**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **MARTIN MARQUEZ,** | § | |
| **INDIVIDUALLY AND ON BEHALF** | § | |
| **OF THOSE SIMILARLY SITUATED,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** _____ |
| **vs.** | § | |
| | § | **JURY TRIAL REQUESTED** |
| **RAINBOW PIZZA, LLC; and** | § | |
| **FERNANDO SALIDO** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff MARTIN MARQUEZ ("Plaintiff" or "MARQUEZ"), on behalf of himself and others similarly situated (hereinafter collectively "Plaintiffs"), by and through his counsel, files this Original Collective Action Complaint against RAINBOW PIZZA, LLC ("RAINBOW PIZZA") and FERNANDO SALIDO ("SALIDO") (hereinafter collectively "Defendants"), and seeks to recover for Defendants' violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.* and hereby states and alleges as follows:

## I. INTRODUCTION

1.      This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (hereinafter the "FLSA"), by Plaintiff MARQUEZ, on behalf of himself and all others similarly-situated, who were formerly or are currently hourly employees of RAINBOW PIZZA at Domino's Pizza franchise locations throughout South Texas for damages resulting from Defendants' failure to comply with the minimum wage and overtime requirements of the FLSA.

1

2.      Plaintiff, and others similarly situated, worked as hourly-paid, non-exempt, managers, drivers and/or cooks at various Domino's Pizza locations, including one in La Feria, Texas, that were owned and operated by RAINBOW PIZZA and/or SALIDO.

3.      General managers at these locations would regularly "time shave" hourly employees' time records, by improperly deducting employees' hours after the fact, without that employee's permission.

4.      Plaintiff MARQUEZ earned $9.50/hour, which means that on many of the weeks in which he worked and was improperly deducted a number of hours, the Defendants did not pay Plaintiff and others similarly situated the minimum wage of $7.25/hour, in violation of 29 U.S.C. § 206.

5.      Plaintiff MARQUEZ frequently worked 45-50 hours a week.  The Defendants' unlawful unapproved "time shaving" practice also mean that on many weeks, employees such as the Plaintiff were not compensated at a rate of one-and-one-half times their regular hourly rate for every hour worked over forty, in violation of 29 U.S.C. § 207.

6.      The Plaintiff and other RAINBOW PIZZA employees performed work that simultaneously benefited RAINBOW PIZZA and FERNANDO SALIDO.  These Defendants controlled the work of the Plaintiff and others similarly situated, and were employers responsible for ensuring that employees were paid as required by the Fair Labor Standards Act.

## II. <u>JURISDICTION AND VENUE</u>

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., a federal statute.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to this action occurred in this District.

### III.  **THE PARTIES**

9.      Plaintiff MARQUEZ was at all material times one of a number of hourly-paid non-exempt employees employed by RAINBOW PIZZA at various Domino's Pizza locations throughout South Texas who were not paid proper minimum wage and overtime.  He presently resides in Texas and has been a resident of Texas during all material times.  Finally, Plaintiff was, at all material times, a covered, non-exempt employee of Defendants within the meaning of the FLSA, 29 U.S.C. §§ 203(e), (g).

10.      Defendant RAINBOW PIZZA, LLC is a domestic Limited Liability Company which can be served with process by serving its registered agent, Fernando Salido, at 104 Del Ct. Ste. 100, Laredo, Texas 78041, or wherever he may be found.

11.      Defendant FERNANDO SALIDO is an individual that acted directly or indirectly in the interest of RAINBOW PIZZA, LLC.  He may be served with process at 104 Del Ct. Ste. 100, Laredo, Texas 78041, or wherever he may be found.

### IV.  **COVERAGE**

12.      Defendants transact business in Texas.

13.      Defendants are enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r) and (s).

14.      At all material times, Defendants have been employers of the Plaintiff and numerous other similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

15.      Defendants had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

16.    At all material times, Plaintiff and all others similarly situated were individual non-exempt employees of the Defendants, who are covered by the FLSA because Defendants are covered enterprises.

17.    At all material times, Plaintiff and all others similarly situated were individual employees engaged in commerce or in the production for goods for commerce within the meaning of the FLSA.

## V. <u>FACTUAL ALLEGATIONS</u>

18.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

19.    Plaintiff, and others similarly situated, were hourly-paid, non-exempt individuals who worked as managers, drivers and/or cooks at various Domino's Pizza locations in South Texas that were owned and managed by RAINBOW PIZZA, LLC.

20.    General managers would regularly "time shave" hourly employees time records to cut down on labor costs and increase the odds of receiving a low-labor-cost bonus.  There was no enforced requirement that employees such as the Plaintiff approve edits to their hours.

21.    Plaintiff MARQUEZ is one of a number of hourly-paid, non-exempt employees, who worked as a manager, driver and/or cook at a Domino's Pizza location owned and operated by RAINBOW PIZZA and SALIDO for which the Defendants improperly deducted hours actually worked.

22.    An individual named Maria Martinez was the General Manager of four Domino's Pizza locations owned and operated by RAINBOW PIZZA and SALIDO, including a location in La Feria, Texas.  Martinez, and other general managers, regularly edited employees' hours without those employees' permission to reduce their hours worked.

4

23.     Upon information and belief, employees at the stores managed by Maria Martinez and other stores owned and operated by RAINBOW PIZZA and SALIDO were subject to improper and unapproved "time shaving", as RAINBOW PIZZA and SALIDO created an incentive for such deceitful behavior by awarding bonuses to general managers such as Ms. Martinez, and by not requiring employee approval of manager edits to employee hours.

24.     Plaintiff MARQUEZ earned $9.50/hour, which means that on many of the weeks in which he worked and was improperly deducted a number of hours, the Defendants did not pay him the minimum wage of $7.25/hour, in violation of 29 U.S.C. § 206.

25.     Plaintiff MARQUEZ frequently worked 45-50 hours a week.  The Defendants' unlawful unapproved "time shaving" practice also mean that on many weeks, employees such as the Plaintiff were not compensated at a rate of one-and-one-half times their regular hourly rate for every hour worked over forty, in violation of 29 U.S.C. § 207.

26.     The Plaintiff and other RAINBOW PIZZA employees performed work that simultaneously benefited RAINBOW PIZZA and FERNANDO SALIDO.  These Defendants controlled the work of the Plaintiff and others similarly situated, and were responsible for ensuring that employees were paid as required by the Fair Labor Standards Act.

27.     At all material times, Plaintiff and all others similarly situated were employed by SALIDO, who acted directly or indirectly in the interest of RAINBOW PIZZA, LLC in relation to the Plaintiff, in that he had substantial control of the terms and conditions of the work of their employees.

## VI.  FLSA COLLECTIVE ALLEGATIONS

28.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

29.    Plaintiff brings this collective action on behalf of himself and all similarly situated, non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

30.    The FLSA collective is defined as:

**All hourly-paid individuals currently or formerly employed at a RAINBOW PIZZA, LLC Domino's Pizza location between January 8, 2015 and the present, whose hours were altered and therefore who were not paid for actual hours worked and/or who were not paid the Federal minimum wage and/or who were not compensated at a rate of at least one-and one-half times their regular hourly rate for all hours worked over forty (40) in a given workweek.**

31.    Plaintiff and members of the proposed collective are victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in violations of their rights under the FLSA and that have caused significant damage to Plaintiff and members of the proposed collective.

32.    The Defendants willfully engaged in a pattern of violating the FLSA as described in this Complaint in ways including, but not limited to, shaving time off of employees' recorded time in such a way that they were not compensated for actual hours worked, and for failing to pay proper overtime compensation.

33.    Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

34.    FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

35.    Plaintiff, individually and on behalf of other similarly-situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendants' practice of shaving time off of employees recorded work hours, and therefore not paying said employees a minimum wage for all hours worked, and therefore often also not compensating employees at a

rate of at least one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a given week.

36.     The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of the Defendants, and potential class members may be easily and quickly notified of the pendency of this action.

37.     Potential Collective Action members may be informed of the pendency of this collective action through direct mail, office posting, and other means.  Plaintiff is aware of current and former employees of Defendants that have been affected.

38.     There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

    (a)    Whether Plaintiffs were compensated for all hours worked;

    (b)    Whether Defendants had a policy of allowing and encouraging general managers to alter employees recorded hours to shave off time without employees' permission,

    (c)    Whether Plaintiffs worked more than forty (40) hours per week;

    (d)    Whether Plaintiffs were compensated at one-and-one-half times their "regular rate" for all hours worked over forty in any and all weeks;

    (e)    Whether Defendants' practices accurately account for the time Plaintiffs actually were working;

    (f)    Whether Defendants' compensation policy and practice is illegal; and

    (g)    Whether Defendants had a policy and practice of willfully failing to compensate employees for all time worked, and for overtime.

39.     The questions set forth above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of

consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

40.     The Plaintiff's claims are typical of those of the similarly-situated employees in that these employees have been employed in the same or similar positions as the Plaintiff and were subject to the same or similar unlawful practices as the Plaintiff.

41.     A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  The Defendants have acted or refused to act on grounds generally applicable to the similarly-situated current and former employees.  The presentation of separate actions by individual similarly-situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

42.     The Plaintiff is an adequate representative of similarly-situated current and former employees because he is a former employee of the same entity and his interests do not conflict with the interests of the other similarly-situated current and former employees he seeks to represent.  The Plaintiff worked for the Defendants and worked the hours which are the subject of this complaint, his hours were improperly recorded and calculated in the manner alleged herein, and he further is personally aware of the facts underlying this matter. The interests of the members of the class of employees will be fairly and adequately protected by the Plaintiff and his undersigned counsel.

43.     Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy.  It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result

in inconsistent adjudications. On the other hand, a single collective action can determine, with judicial economy, the rights of all collective action members.

## VII. <u>COUNT I</u>
### (Violation of FLSA, 29 U.S.C. § 206)

44.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

45.    At all material times, Plaintiff was an employee of Defendants.

46.    Defendants failed to compensate Plaintiff and all others similarly situated for all hours the Defendants required and/or permitted them to work; specifically, when general managers altered the employee's time records after the fact to "shave off" hours to increase her/their chances of receiving a low-labor-cost bonus, this policy systematically undercompensated such employees.

47.    Such conduct by Defendants was a violation of the FLSA which requires non-exempt employees to be compensated for their actual hours worked at a rate of at least $7.25 per hour. *See* 29 U.S.C. § 206.

48.    Accordingly, Plaintiff has been deprived of minimum wage compensation in an amount to be determined at trial.

49.    Further, Plaintiff is entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees. *See* 29 U.S.C. § 216(b).

## VIII. <u>COUNT II</u>
### (Violation of FLSA, 29 U.S.C. § 207)

50.    Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

51.     At all material times, Defendants, as more fully set forth above, did not compensate Plaintiff for all hours actually worked.  This often resulted in workweeks in which Defendants required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate him for all such hours at a rate of one-and-one half times his regular hourly rate.

52.     Such conduct by Defendants was a violation of the FLSA which requires non-exempt employees to be compensated for their overtime work at a rate of at least one and one-half times their regular hourly rate.  *See* 29 U.S.C. § 207(a).

53.     Accordingly, Plaintiff and all persons similarly-situated have been deprived of overtime compensation in amounts to be determined at trial.

54.     Further, Plaintiff and all persons similarly-situated are entitled to recovery of liquidated damages, and other fees and expenses including, without limitation, costs of court, expenses, and attorneys' fees.  *See* 29 U.S.C. § 216(b).

55.     Finally, the claims in the action are subject to a three-year statute of limitations as opposed to two because the violations of the FLSA by the Defendant were willful.  Specifically, the Defendants had actual knowledge of the FLSA and knew that the Plaintiffs are and were non-exempt employees and are therefore entitled to the payment of at least $7.25 per hour for all hours worked and overtime compensation at a rate of at least one-and-one-half times their regular hourly rate for all hours worked beyond forty (40) per week.  29 U.S.C. § 255.

## PRAYER FOR RELIEF

(a)     at the earliest possible time, issue an Order allowing Notice or issue such Court-supervised Notice to all similarly-situated current and former employees of Defendants, as described above, of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they did not receive compensation for all hours worked and/or did not receive proper overtime compensation for hours worked in excess of forty (40) in a week;

(b)      issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated employees' damages in the form of reimbursement for unpaid wages and/or premium overtime wages (past and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

(c)      issue an Order directing and requiring Defendants to pay Plaintiff damages in the form of reimbursement for unpaid minimum wages owed for all hours worked pursuant to the rate provided by the FLSA;

(d)      issue an Order directing and requiring Defendants to pay Plaintiff and all other similarly-situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to, the amount of minimum wage and overtime compensation owed to them;

(e)      issue an Order directing and requiring Defendants to reimburse Plaintiff and other similarly-situated employees for the costs of court, expenses, and attorneys' fees expended in the course of litigating this action, with pre-judgment and post-judgment interest;

(f)      issue an Order directing and requiring Defendants to pay Plaintiff an incentive award for the time spent pursuing the instant lawsuit;

(g)      issue an Order declaring Defendants' pay practices to be illegal and directing Defendant to comply with the FLSA;

(h)      issue an Order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to the FLSA; and

(i)      provide Plaintiff and all other similarly-situated employees with such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Texas and Federal law.

*[signature on next page]*

Respectfully submitted,


*/s/ Charles W. Branham, III*
Charles W. Branham, III (TX 24012323)
Rachel C. Moussa (TX 24097488)
**DEAN OMAR & BRANHAM, LLP**
302 N. Market Street, Suite 300
Dallas, TX 75202
214-722-5990
214-722-5991 (fax)
tbranham@dobllp.com
rmoussa@dobllp.com

**ATTORNEYS FOR PLAINTIFF**